Revised 1/2005



Suggested Form D106

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re: **Harold's Auto Accessories, LLC**

                                    Debtor(s).

William E. Lawson as Trustee in
Bankruptcy of Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202

                                    Plaintiff(s),
                vs.

Northtown Automotive Companies, Inc.
1135 Millersport Highway
Amherst, New York 14226

                                    Defendant(s).

ORDER TO TRANSMIT RECORD TO DISTRICT COURT COMBINED WITH FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST FOR ENTRY OF JUDGMENT BY DEFAULT
(Non-Core Proceeding)

BK Case No. 03-19287B

AP Case No. 06-01027B

The Clerk of Court is directed to transmit this Adversary Proceeding to the District Court for consideration of the following, pursuant to P.L. 98-353 (The Bankruptcy Amendments and Federal Judgeship Act of 1984).

## TO THE DISTRICT COURT:

Having examined the record in this Adversary Proceeding and having found it to be a Non-Core Proceeding, the Bankruptcy Court is without authority to enter a final or dispositive Order or Judgment. (See, 28 U.S.C. § 157(c)). Plaintiff has requested entry of Judgment by Default against Defendant, **Northtown Automotive Companies, Inc.** ("Defendant").

**This Court has determined that:**

☒ No hearing was necessary.

☐ A hearing was necessary, which hearing was held on _____ at _____, on notice to _____ at which hearing there appeared _____ who was heard.




## FINDINGS

This Court now finds that the Complaint was filed by the Plaintiff on 1/20/2006 ; that an Affidavit of Service was filed attesting to service of the Summons and a copy of the Complaint upon the Defendant on 1/23/2006 ; that the Defendant failed to plead or otherwise defend within the time prescribed by law and rule; that the Plaintiff has duly and timely requested entry of Judgment by Default by application or affidavit filed with this Court on March 1, 2006 and that the Clerk of Court has certified and entered the Fact of Default on MARCH 15, 2006 pursuant to Rule 7055(a) of the Federal Rules of Bankruptcy Procedure.

## CONCLUSIONS

The Plaintiff is entitled under applicable law to entry of Judgment by Default.

## RECOMMENDATION

**WHEREFORE**, it is hereby recommended that the District Court award Judgment by Default to the Plaintiff and against Defendant in the total amount of $6,239.14 (plus the allowed per diem amount of $1.34 from the application for default), which amount is fully itemized in the attached "Affidavit of Amount Due (Non-Core Proceeding)" (Suggested Form D105) duly sworn to by Plaintiff's attorney or Plaintiff pro se and dated March 1, 2006 .

Date: MAR 2 3 2006

United States Bankruptcy Judge



FILED MAR 2 3 2006 BANKRUPTCY COURT BUFFALO, N.Y.

Revised 1/2005

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re: Harold's Auto Accessories, LLC

Debtor(s).

William E. Lawson as Trustee in Bankruptcy
of Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202

Plaintiff(s),

vs.

Northtown Automotive Companies, Inc.
1135 Millersport Highway
Amherst, New York 14226

Defendant(s).

**ENTRY OF FACT OF DEFAULT**

[Bankruptcy Rule 7055(a)]

BK Case No. 03-19287B

AP Case No. 06-01027B

Plaintiff has requested entry of the Fact of Default by the filing of an "Affidavit in Support of Application for Entry of Fact of Default," pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7055(a).

It appears from the record that Defendant, Northtown Automotive Companies, Inc. ("Defendant"), has failed to plead or otherwise defend this Adversary Proceeding as required by the Federal Rules of Bankruptcy Procedure.

Therefore, the Fact of Default is entered against Defendant as authorized by Bankruptcy Rule 7055(a).

Dated: 3/15/2006

_____
Clerk of Court



FILED
MAR 15 2006
BANKRUPTCY COURT
BUFFALO, N.Y.



Revised 1/2005

Suggested Form D107

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

In Re: Harold's Auto Accessories, LLC

                                           Debtor(s).

**ORDER GRANTING
JUDGMENT BY DEFAULT**
(Non-Core Proceeding)

William E. Lawson as Trustee in Bankruptcy
of Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202

                                           Plaintiff(s),

BK Case No. 03-19287B

AP Case No. 06-01027B

vs.

Northtown Automotive Companies, Inc.
1135 Millersport Highway
Amherst, New York 14226

                                           Defendant(s).

     Based on the annexed "Order and Recommendation" of the Hon. Carl L. Bucki, U.S.B.J., it is hereby:

**ORDERED, ADJUDGED AND DECREED**, that Judgment by Default, pursuant to Rule 55 of the Federal Rules of Civil Procedure, be entered in favor of Plaintiff and against Defendant, Northtown Automotive Companies, Inc., in the amount of $6,239.14.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

Revised 1/2005


Suggested Form D105

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re: Harold's Auto Accessories, LLC

Debtor (s).

AFFIDAVIT OF AMOUNT DUE
(Non-Core Proceeding)

William E. Lawson as Trustee in Bankruptcy
of Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202

Plaintiff (s),

BK Case No. 03-19287B

vs.

AP Case No. 06-01027B

Northtown Automotive Companies, Inc.
1135 Millersport Highway
Amherst, New York 14226

Defendant (s).

In support of the Plaintiff's request that the Bankruptcy Court recommend and the District Court enter Judgment by Default against the Defendant, Northtown Automotive Companies, Inc. ("Defendant"), Plaintiff submits the following itemization of damages sought:

| | |
|---|---|
| Principal amount prayed for in Complaint | $ 5,427.01 |
| Pre-judgment interest[1] | $ 562.13 |
| Cost | $ 250.00 |
| Attorney's Fees[2] | $ 0.00 |
| **TOTAL DAMAGES** | $ 6,239.14 |
| Plus per diem of $1.34 since the date of the filing Plaintiff's request for default | $ |

**TOTAL DEFAULT JUDGMENT REQUESTED.** $6,239.14

Date: March 1, 2006

Attorney for Plaintiff

Sworn to before me
this ___ day of March, 2006

Notary

*Notary Public*
*State of New York*
*Erie County*
*Dawn M Peters*
*Commission Expires April 13, 2010*

---

[1] Based on 28 U.S.C. § 1961, at the rate of ____% since _____, through the date of the filing of the request (to be computed by Plaintiff).

[2] See, 28 U.S.C. § 1923.

Revised 3/2005  Suggested Form D100

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re: Harold's Auto Accessories, LLC



Debtor(s).

William E. Lawson as Trustee in Bankruptcy
of Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202

Plaintiff(s),

vs.

Northtown Automotive Companies, Inc.
1135 Millersport Highway
Amherst, New York 14226

Defendant(s).

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR ENTRY OF FACT OF DEFAULT**
[Bankruptcy Rule 7055(a)]

BK Case No. 03-19287B

AP Case No. 06-01027B

The undersigned, being duly sworn, deposes and states that:

1. I am an attorney admitted to practice before this Court and am the attorney to the Plaintiff in this action (or, in the alternative, I am the Plaintiff in the above captioned Adversary Proceeding and appear *pro se*).

2. I make this Affidavit in support of Plaintiff's request that the Clerk of Court certify and enter the "Fact of Default" of Defendant, Northtown Automotive Companies, Inc. ("Defendant"), pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7055(a).

3. This Adversary Proceeding is a ☐ Core ☒ Non-Core Proceeding (check appropriate box).

4. On January 23, 2006, a copy of the Summons and Complaint was served on Defendant pursuant to Bankruptcy Rule 7004.

5. A Certificate of Service detailing the date, time and manner of service on Defendant was filed with the Court on January 23, 2006.

6. Defendant has failed to answer, plead or otherwise defend this action.

Page 1

7. The time to answer, plead or otherwise defend expired on <u>February 23</u>, 20<u>06</u>, said date being <u>30</u> days after issuance of the Summons.

8. [X] Defendant <u>has not</u> appeared in this action and the time to appear has expired.
   OR
   [ ] Defendant <u>has</u> appeared but has not answered or otherwise defended; Defendant's appearance is more fully described as follows: _____

9. Defendant is not an infant or incompetent person.

10. Pursuant to 50 U.S.C. Appx. § 521, I have made an investigation to ascertain whether Defendant is in the military service of the United States. The results of my investigation are as follows[1]: <u>Defendant is a corporation</u>

   From the foregoing facts, I am convinced that Defendant is not in the military service of the United States, as defined by 50 U.S.C. Appx. § 521 [Suggested Form D-101, "Affidavit of Non-Military Service," is attached.]

11. The Defendant is <u>not</u> the Debtor[2].

12. Plaintiff hereby requests that the Clerk of Court enter the Fact of Default of Defendant, pursuant to Bankruptcy Rule 7055(a).

Dated: <u>March 1, 2006</u>

By: Attorney for Plaintiff

Sworn to before me this <u>1</u> day of <u>March</u>, 2006

*Notary*

*Notary Public*
*State of New York*
*Erie County*
*Dawn M Peters*
*Commission Expires April 13, 2010*

---

[1] To properly complete the "Affidavit of Non-Military Service" required to be submitted in connection with a request for judgment by default, the requesting party is strongly encouraged to verify military status through the Defense Manpower Data Center ["DMDC"] Military Verification Service. The DMDC has a 24-hour website, and verification of military status can be printed from the website in a form document that contains the Department of Defense seal and the signature of the Director of the DMDC. A password to the DMDC website can be obtained by making a request on company letter to: DMDC, Military Verification, 1600 Wilson Blvd., Suite 400, Alexandria, VA 22209 or fax to 703-696-4156. The website address for the DMDC login page is: https://www.dmdc.osd.mil/vmet/owa/vmet_display.login

[2] If the Defendant is the Debtor, Judgment by Default must be sought by Notice of Motion and Motion, pursuant to Bankruptcy Rule 9014. See, In Re Emmerling, 223 B.R. 860 (B.A.P. 2d Cir. N.Y. 1997).

Revised 3/2005

Suggested Form D101

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re: Harold's Auto Accessories, LLC

Debtor(s).

William E. Lawson as Trustee in Bankruptcy
of Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202    Plaintiff(s),

vs.

Northtown Automotive Companies, Inc.
1135 Millersport Highway
Amherst, New York 14226

Defendant(s).

AFFIDAVIT OF
NON-MILITARY SERVICE
[Bankruptcy Rule 7055(a)]

BK Case No. 03-19287B

AP Case No. 06-01027B

The undersigned is the attorney for the Plaintiff in the above-captioned action or, in the alternative, the undersigned is the Plaintiff pro se in this action.

Pursuant to 50 U.S.C. Appx. § 521, I have made an investigation to ascertain if Defendant, Northtown Automotive Companies, Inc. ("Defendant"), is in the military service of the United States. The results of my investigation are as follows[1]: Defendant is a corporation and therefore not in the military service

From the facts set forth above, I am convinced that Defendant is not in the military service of the United States as defined in the Service Members' Civil Relief Act of 1940, 50 U.S.C. Appx. § 521.

Dated: March 1, 2006

By: Attorney for Plaintiff ~~or Plaintiff pro se~~

Sworn to before me
this ___ day of March , 2006

_____
Notary

Notary Public
State of New York
Erie County
Dawn M Peters
Commission Expires April 13, 2010

---

[1] To properly complete the "Affidavit of Non-Military Service" required to be submitted in connection with a request for judgment by default, the requesting party is strongly encouraged to verify military status through the Defense Manpower Data Center ["DMDC"] Military Verification Service. The DMDC has a 24-hour website, and verification of military status can be printed from the website in a form document that contains the Department of Defense seal and the signature of the Director of the DMDC. A password to the DMDC website can be obtained by making a request on company letter to: DMDC, Military Verification, 1600 Wilson Blvd., Suite 400, Alexandria, VA 22209 or fax to 703-696-4156. The website address for the DMDC login page is: https://www.dmdc.osd.mil/Amct/owa/vmet_display.login

## CERTIFICATE OF SERVICE

I, **Nancy Verano** _____, certify that I am, and at all times during the
   (name)
service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made. I further certify that the service of this summons and a copy of the complaint was made
**January 23, 2006** by:
   (date)

☒ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

| US Trustee's Office | Northtown Automotive Companies, Inc. | D & R Automotive Restylers |
| 42 Delaware Avenue | 1135 Millersport Highway | 350 Seneca Street |
| Suite 100 | Amherst, NY 14226 | Buffalo, NY 14204 |
| Buffalo, NY 14202 | ATT: Harold B. Erbacher | ATT: Dennis J. Snyder |
|  | Chief Financial Officer | President |

☐ Personal Service. By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service. By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution. By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication. The defendant was served as follows: [Describe briefly]

☐ State Law. The defendant was served pursuant to the laws of the State of _____, (name of state)
as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

_1/23/06_                                                      _[signature]_
   Date                                                           Signature

| Print Name |  |  |
| Business Address |  |  |
| City | State | Zip |

**UNITED STATES BANKRUPTCY COURT**
Western District of New York
Olympic Towers, Suite 250
300 Pearl Street
Buffalo, NY 14202
www.nywb.uscourts.gov

| | | | |
|---|---|---|---|
| In Re:<br>Harold's Auto Accessories, LLC<br>Debtor(s) | SSN/Tax ID: | 16-1590331 | Case No.: 1-03-19287-CLB<br>Chapter: 7 |
| William E Lawson<br>Plaintiff(s)<br>v.<br>Northtown Automotiive Companies, Inc.<br>Defendant(s) | | | A.P. No.: 1-06-01027-CLB |

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

United States Bankruptcy Court
Western District of New York
Olympic Towers, Suite 250
300 Pearl Street
Buffalo, NY 14202

At the same time, you must serve a copy of the motion or answer upon the plaintiff's attorney.

William E. Lawson
730 Convention Tower
43 Court Street
Buffalo, NY 14202

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY BOTH ADVERSARY AND BANKRUPTCY CASE NUMBERS.**



January 23, 2006

Paul R. Warren
Clerk, U.S. Bankruptcy Court

By: J. Rodriguez
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
Western District of New York
Olympic Towers, Suite 250
300 Pearl Street
Buffalo, NY 14202
www.nywb.uscourts.gov

| | | |
|---|---|---|
| In Re:<br>Harold's Auto Accessories, LLC<br><br>Debtor(s) | SSN/Tax ID: 16-1590331 | Case No.: 1-03-19287-CLB<br>Chapter: 7 |
| William E Lawson<br>Plaintiff(s)<br><br>v.<br><br>Northtown Automotiive Companies, Inc.<br>Defendant(s) | | A.P. No.: 1-06-01027-CLB |

## INFORMATIONAL NOTICE REGARDING ADVERSARY PROCEEDINGS

Returned herewith are copies of the summons for a recently filed adversary proceeding.

The summons and complaint must be served upon the interested parties within ten (10) days of the date appearing on the summons. Written proof of service must be filed within twelve (12) days pursuant to Fed.R.Bankr.P. Rule 7004. If the debtor is the defendant, you must also serve the debtor's attorney in addition to the debtor/defendant. When a U.S. agency is a party, the U.S. Attorney for the District and the Attorney General in Washington, D.C. must be served by first class mail.

Attorneys are advised that if an answer is filed, the disposition of this matter can only be effectuated by a stipulation executed by both parties or an Order signed by the Bankruptcy Judge. The original must be filed with the Court.

Upon proper notice, a plaintiff is entitled to a judgment by default if an answer is not filed within the time specified in the summons. In the event an answer is not filed, the granting of a judgment by default will require that a definite procedure be followed and that specific forms be used. Instructions and forms may be obtained at the Court's website: www.nywb.uscourts.gov under the heading of Forms > Local Forms > Judgment by Default - Rule 7055. Form 'packets' and instructions for both core and non-core proceedings are available.

If the debtor is a defendant, even if he or she fails to file a timely answer, judgment by default must be brought by Notice of Motion and Motion for Entry of Default Judgment in accordance with Rule 55, made applicable by Fed.R.Bankr.P. Rule 7055 [See: In re Emmerling, B.R. 1997 WL 998674 (Bankr.2nd Cir.1997)]. The motion should be filed within ten (10) days after the time to answer has expired. **In Rochester**, motions for judgment by default may be returnable on a regularly scheduled Wednesday motion calendar at 11:30 a.m. **In Buffalo**, please contact the Judge's secretary for a motion for judgment by default date.

In the defendant is a party other than the debtor, you need only submit the proper judgment by default (core or non-core proceeding) 'packet' after the defendant's time to answer has expired.

**Multiple Adversary Proceedings Filed in Rochester Only:** The Court expects the Plaintiff's Attorney to prepare and submit a Litigation Proposal within twenty (20) days from the date the last adversary proceeding is filed. The Court will take the proposal under advisement and, if approved, will be relied upon to provide a 'road map' for the pending litigation. Should it be determined that modifications to the Litigation Proposal need to be made, the Litigation Proposal will be returned with the suggested changes indicated therein. A Litigation Proposal form may be found on the Court's website at: www.nywb.uscourts.gov under the heading Forms > Local Forms > Litigation Proposal.

[ ]   [If checked] Litigation Proposal is attached.

(Revised 3/2005)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE: HAROLD'S AUTO ACCESSORIES, LLC     BK No. 03-19287B

                  Debtor     Chapter 7

William E. Lawson as Trustee in Bankruptcy of
Harold's Auto Accessories, LLC
730 Convention Tower
Buffalo, New York 14202

                  Plaintiff

vs     AP No. 06- 1027 B

Northtown Automotive Companies, Inc.     COMPLAINT
1135 Millersport Highway
Amherst, New York 14226

                  Defendant

---

       Plaintiff, William E. Lawson as Trustee in Bankruptcy of Harold's Auto Accessories, LLC, for his cause of action, alleges as follows:

       1. That the debtor filed a Petition under Chapter 11 of the United States Bankruptcy Court on December 16th, 2003 which was converted to a case under Chapter 7 on February 15th, 2005.

       2. That the Plaintiff is the duly appointed Trustee in this case and is presently qualified as such.

       3. That the Defendant is a New York Corporation with address at 1135 Millersport Highway, Amherst, New York 14226.

       4. That on or about October 3rd, 2003, the debtor rendered services to a division of the defendant Land Rover Amherst in the amount of $425.00.

5. That on or about October 21st, 2003, the debtor rendered services to a division of the defendant Northtown Dodge in the amount of $2,273.00.

6. That on or about January 12th, 2005, the debtor rendered services to a division of the defendant Northtown Hyuandi Subaru in the amount of $89.01.

7. That on or about October 15th, 2004, the debtor rendered services to a division of the defendant Northtown Kia in the amount of $1,250.00.

8. That on or about January 24th, 2005, the debtor rendered services to a division of the defendant Northtown Volkswagon in the amount of $1,390.00.

9. That Plaintiff has made demands for payment, but all such demands have been ignored.

WHEREFORE, Plaintiff demands Judgment against the Defendant in the amount of $5,427.01 with interest on said amount from January 5th, 2005 together with the cost and disbursements of this action.

DATED: January 20th, 2006

/S/ William E. Lawson
William E. Lawson, Trustee
730 Convention Tower
Buffalo, New York 14202
(716) 854-3015

| B 104<br>(Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br>William E. Lawson as Trustee in Bankruptcy of Harold's Auto Accessories, LLC<br>730 Convention Tower<br>Buffalo, New York 14202 | **DEFENDANTS**<br>Northtown Automotive Companies, Inc.<br>1135 Millersport Highway<br>Amherst, New York 14226 | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>William E. Lawson<br>730 Convention Tower<br>Buffalo, New York 14202<br>(716) 854-3015 | **ATTORNEYS** (If Known) | |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Demand for recovery of money due Plaintiff by Defendant for services rendered.

**NATURE OF SUIT**
(Check the one most appropriate box only)

☒ 454  To Recover Money or Property
☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458  To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424  To object to or to revoke a discharge 11 U.S.C. § 727

☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426  To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434  To obtain an injunction or other equitable relief
☐ 457  To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459  To determine a claim or cause of action removed to a bankruptcy court
☐ 498  Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only)
☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND**: $5,000.00   **OTHER RELIEF SOUGHT**:    ☐ JURY DEMAND (Check only if demanded in complaint)

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Harold's Auto Accessories, LLC | 03-19287B |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| Western District of New York | | Carl L. Bucki |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)   ☐ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☒ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| Jan. 20, 2006 | William E. Lawson | /s/ |